UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                04-CR-6180T

                    v.                          **DECISION
                                                and ORDER**

DONALD ANSON,


                    Defendant.

_____

## INTRODUCTION

Defendant Donald Anson ("Anson") is charged in a four-count superseding indictment with various crimes relating to the possession and transmission of over 600 images of child pornography in violation of 18 U.S.C. §§ 2252A(a)(1), 2252A(a)(2)(B), and 2252A(5)(B). Defendant is also charged with failure to appear at scheduled court proceedings in violation of 18 U.S.C. § 3146(a)(1).

By Order dated August 15, 2005, this case was referred to Magistrate Judge Marian W. Payson for pretrial proceedings. On March 21, 2005, defendant filed an omnibus motion seeking, inter alia, suppression of statements made to police officers during the execution of a search warrant at his home, and dismissal of the case for failure to timely file an indictment against him. Specifically, defendant claims that he was not advised of his Miranda rights prior to being interrogated by officers executing the search warrant at his home, and therefore, statements made during that interrogation should be suppressed. Defendant further

claims that because the original indictment against him was not filed until 188 days after his arrest, his Constitutional right to have charges brought against him within 30 days of his arrest was violated.

Over the course of three days, from April 13, 2005, to May 26, 2005, Judge Payson held a hearing with respect to defendant's motions to suppress. By Report and Recommendation dated August 22, 2005, Judge Payson recommended that defendant's motions to suppress and to dismiss be denied. Specifically, Judge Payson determined that because the defendant was advised during questioning that he was not in custody; was advised that he was free to excuse himself from the questioning; and acknowledged in writing during questioning that he had been advised that he was not in custody and was free to leave, Anson had not been subjected to a custodial interoggation when he was questioned by police officers during the execution of the search warrant. With respect to the delay between defendant's arrest and his indictment, Judge Payson meticulously reconstructed the time period between defendant's arrest and indictment; determined that 181 days of the 188 day delay was properly excluded from the speedy trial clock; and therefore concluded that the original indictment was filed in a timely manner.

On August 30, 2005, defendant timely filed objections to Judge Payson's Report and Recommendation, contending that the Magistrate

erred in denying his motion to suppress statements and dismiss the indictment.   Specifically, defendant argues that Judge Payson improperly relied on Second Circuit precedent rather than more recent Supreme Court precedent regarding the determination of whether or not a suspect is "in custody" for purposes of analyzing whether or not a <u>Miranda</u> warning is required.   With respect to the speedy trial clock, Anson contends that Magistrate Judge should not have excluded time during which the defendant fled the jurisdiction, as defendant's failure to appear before the court and comply with this court's orders did not prevent the government from bringing an indictment against him.

For the reasons set forth below, I affirm and adopt Judge Payson's Report and Recommendation in its entirety, and deny defendant's motions to suppress or dismiss the indictment.

<u>STANDARD OF REVIEW</u>

Pursuant to 28 U.S.C. § 636(b)(1), after the filing of a Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations.   After such filing,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made.   A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

28 U.S.C. § 636(b)(1).  A district court, however, may not reject the credibility findings of a Magistrate Judge without conducting an evidentiary hearing in which the district court has the opportunity to observe and evaluate witness credibility in the first instance.  <u>Cullen v. United States</u>, 194 F.3d 401 (2nd Cir. 1999).  I apply these standards to the following analysis.

<u>BACKGROUND</u>

The facts relevant to defendant's motion to suppress are set forth in detail in Judge Payson's August 22, 2005 Report and Recommendation, and familiarity with those facts is presumed.  In summary, on June 2, 2004, law enforcement agents executed a search warrant at the defendant's residence at 121 Grassmere Park in the City of Rochester.  Defendant was home at the time, and allowed the law enforcement officials in the home to execute the warrant.  Timothy Kosinski, ("Kosinski") a Federal Immigration and Customs Enforcement Agent who took part in the execution of the search warrant, testified at the hearing before Judge Payson that he advised Anson of the nature of search warrant, and asked Anson if they could talk together.  Kosinski testified that he informed Anson repeatedly during their conversation that Anson was not in custody, and that he was free to leave at any time.  According to Kosinski, Anson agreed to talk to the agents despite understanding that he was not in custody.  During their conversation, Anson allegedly admitted owning child pornography and identified certain

computer discs containing pornography.  Following the questioning, Anson prepared a written statement in which he acknowledged that he was aware that he had not been in custody during the questioning, and that he had been free to leave at any time. Immigration and Customs Agent Brian Korzak also testified at the suppression hearing, and corroborated Kosinski's testimony.

Defendant testified at the suppression hearing that he was not informed during the interrogation that he was free to leave, and stated that he felt intimidated during the questioning because he was surrounded by law enforcement agents.  He testified that he was told that things would be easier if he cooperated, and therefore, he cooperated with the authorities executing the search.   He testified that he was never advised of his right to remain silent and not incriminate himself.

During the search of defendant's home, law enforcement officials found three ornamental swords, a rifle, and ammunition. Kosinski testified that he asked the defendant if he intended to hurt himself, and Anson was non-committal.  Kosinski also testified that Anson had indicated that his family would "disown" him and that his brother would kill him once they became aware of his involvement with child pornography.  Based on the defendant's statements, and his failure to assure the officers that he would not harm himself, Kosinski, acting on the advise of an assistant United States Attorney, arrested Anson for the purpose of

protecting his personal safety. Defendant disputed the agents' testimony, and testified that he never indicated any propensity to harm himself.

DISCUSSION

I.    Defendant's Motion to Suppress.

Defendant moves to suppress statements made to law enforcement officers on grounds that he was subjected to a custodial interrogation without first being advised of his Miranda rights. However, for the reasons set forth in Judge Payson's Report and Recommendation, I find that the questioning of the defendant at his home did not constitute a custodial interrogation. Judge Payson properly relied on United States v. Newton, 369 F.3d 659(2nd Cir. 2004) in determining that the defendant was not in custody during his questioning. In Newton, the Second Circuit Court of Appeals held that in determining whether or not a defendant is in custody, the court must determine "whether a reasonable person would have thought he was free to leave the police encounter at issue." Newton, 369 F.3d at 672. In this case, I find that a reasonable person under the circumstances would have understood that he was not in custody and was not required to answer the law enforcement officials' questions. Moreover, based on the defendant's signed statement indicating that he was aware that he was not in custody and not obligated to respond to the officers' questioning, it is

clear that the defendant was aware that he was not in custody, despite his testimony at the hearing.

Additionally, I find that Judge Payson applied the proper legal standard in analyzing defendant's motion to suppress. Although the defendant contends that Judge Payson erred by relying on <u>Newton</u> instead of the more recent Supreme Court precedent found in <u>Yarborough v. Alvarado</u>, ____ U.S. ____; 124 S.Ct. 2140 (2004), I find that <u>Newton</u> and <u>Yarborough</u> are consistent in that both cases require a court to consider objectively whether or not a reasonable person would feel that he or she is free to leave the police encounter at issue or that there was a restraint on freedom of movement tantamount to an arrest. <u>Yarborough</u>, 124 S.Ct. at 2152. <u>Yarborough</u> does not abrogate, nor alter the test set forth in <u>Newton</u>, and therefore, I find that Judge Payson properly applied the correct reading of the law in determining that the defendant was not in custody and was free to leave when he was questioned by law enforcement officials.


II.   <u>Defendant's Motion to Dismiss the Indictment</u>

Defendant moves to dismiss the Indictment on grounds that he was not indicted until 188 days after his arrest, and therefore the indictment was untimely pursuant to the Speedy Trial Act. Although defendant acknowledges that he fled the jurisdiction and failed to appear for scheduled court appearances during that 188 day delay,

he contends that his absence did not *prevent* the government from moving forward with an indictment, and therefore his absence was not the cause of the delay.

Defendant's motion to dismiss is denied.  As Judge Payson properly noted, the period during which defendant fled from this jurisdiction, (from July 2, 2004 to August 2, 2004) is properly excluded under the Speedy Trial Act.  Moreover, the periods from June 2, 2004 to July 2, 2004, and August 2, 2004 to November 30, 2004 were properly excluded in the interests of justice under the Speedy Trial Act.  Accordingly, taking into account the properly excluded time, it is clear that the defendant was indicted in a timely manner pursuant to the Speedy Trial Act.

CONCLUSION

For the reasons set forth above, I affirm and adopt Judge Payson's Report and Recommendation in its entirety, and deny defendant's motion to suppress evidence or dismiss the indictment.


ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
Michael A. Telesca
United States District Judge

DATED:     Rochester, New York
           October 12, 2005

8