UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

          vs.                                              DECISION AND ORDER
                                                                  04-CR-6180 CJS

DONALD ANSON,

                                      Defendant.
_____

## INTRODUCTION

The defendant was charged in a second Superceding Indictment, filed by a Federal grand jury on August 16, 2005, with forty-three counts relating to transporting, receiving, and possessing child pornography. On May 2, 2006, after a jury trial, the defendant was found guilty of Counts One through Forty, Count Forty-two, and Count Forty-three. This matter is now before the Court on the defendant's motion, pursuant to Federal Rule of Criminal Procedure 29 (c), for a judgment of acquittal on all counts. For the reasons stated below, the defendant's application is denied in all respects.

## STANDARD OF LAW

> In reviewing an acquittal by the district court following a jury verdict of guilty, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In this regard, the defendant who is challenging the sufficiency of the evidence "bears a heavy burden." *United States v. Si Lu Tian*, 339 F.3d 143, 150 (2d Cir. 2003) (internal quotation marks omitted). "[A] court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or

> so meager that no reasonable jury could find guilt beyond a reasonable doubt." *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir.1999) (internal quotation marks omitted).
>
> In applying these principles, it is the court's duty to "review all of the evidence presented at trial in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government." *United States v. Walker*, 191 F.3d 326, 333 (2d Cir.1999) (internal quotation marks omitted). It is irrelevant that the judge conducting such a review personally feels that he or she would not have found guilt upon such evidence. The conviction must be sustained if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Guadagna*, 183 F.3d at 130. "The government's case need not exclude every possible hypothesis of innocence . . . ." *United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir.1995) (internal quotation marks omitted). Thus, where "either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter." *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000) (internal quotation marks omitted; alteration in original). Furthermore, "courts must be careful to avoid usurping the role of the jury when confronted with a motion for acquittal." *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003). It is settled that "Rule 29(c) does not provide the trial court with an opportunity to substitute its own determination of . . . the weight of the evidence and the reasonable inferences to be drawn for that of the jury." *Guadagna*, 183 F.3d at 129 (internal quotation marks omitted; alteration in original).

*United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir. 2004).

**ANALYSIS**

The first two counts of the second Superceding Indictment accused the defendant of transporting child pornography in interstate commerce, in violation of 18 U.S.C. § 2252(a)(1). As the Court explained to the jury, in order to find the defendant guilty of transporting child pornography, the government must prove beyond a reasonable doubt each of the following two elements:

> First, that on or about the date alleged in the count, August 23, 2003 as to Count One and September 17, 2003 as to Count two, the defendant knowingly transported a visual depiction in interstate or foreign commerce.

2

Second, the government must prove beyond a reasonable doubt that the child pornography was actually transported in interstate or foreign commerce by means of a computer

As to counts one and two, at trial the government introduced the following evidence:

- That Online Sharing Community ("OSC") was a subscription-based website hosted in Tampa, Florida that allowed members to share child pornography and post messages,and where members could upload, view and download images.

- That on December 30, 2003, a search warrant was executed on Sago Networks, a Tampa, Florida web hosting company, for the content and log records associated with OSC.

- That after the execution of the search warrant, a forensic examination was conducted by James Fottrell, the manager of the High Technology Investigative Unit of the Department of Justice's Criminal Division's Child Exploitation and Obscenity Section in Washington, D.C.

- That the forensic examination revealed that hundreds of individuals subscribed to the OSC website, and that many of these members uploaded child pornography to the site.

- That one of the individuals identified as uploading images to the website was the defendant, Donald Anson.

- That the defendant was in fact one of the individuals who uploaded child pornographic images from the website: since forensic evidence from the defendant's own computer established that he was "Malto2", the user name identified with the uploaded images; since each of the uploaded images were also located on two of the defendant's CD Roms (#19 and #25); since there were handwritten papers presented on which the defendant referenced the OSC website; and since the defendant signed a statement admitting uploading images to the OSC website.

- That the forensic examination revealed that the defendant, as alleged in Counts One and Two uploaded five images on August 23, 2004, and nine images on September 13, 2004.

Count Three of the indictment charged the defendant with receiving child pornography in interstate commerce, in violation of 18 U.S.C. § 2252(a)(2). As the Court explained to the jury, in order to find the defendant guilty of receiving child pornography, the government must prove beyond a reasonable doubt each of the following four elements:

> First, that between in or about August 2000 and on or about June 2, 2004, the defendant knowingly received a visual depiction.
>
> Second, that the visual depiction was transported in interstate or foreign commerce, by any means, including by computer.
>
> Third, that the visual depiction was child pornography, as I already have defined that term; and
>
> Fourth, that the defendant knew of the sexually explicit nature of the material and knew that the visual depictions were of actual minors engaged in that sexually explicit conduct.

Counts Four through Forty and Counts Forty-one and Forty-two of the indictment charged the defendant with possessing child pornography in interstate commerce, in violation of 18 U.S.C. § 2252(a)(2). As the Court explained to the jury, in order to find the defendant guilty of possessing child pornography, the government must prove beyond a reasonable doubt each of the following four elements:

> First, that on or about June 2, 2004, the defendant knowingly possessed, as to Count Four a computer, and as to Counts Five through Forty-three a CD-Rom, as alleged in the specific count, containing a visual depiction
>
> Second, the government must prove beyond a reasonable doubt that the visual depiction was transported by computer in interstate or foreign commerce, at any time prior to the defendant's possession of it.

> Third, the government must prove beyond a reasonable doubt that the visual depiction was child pornography, as I already have defined that term; and
>
> Fourth, the government must prove beyond a reasonable doubt that the defendant knew of the sexually explicit nature of the material and knew that the visual depictions were of actual minors engaged in that sexually explicit conduct. I already have provided you with an instruction regarding the requirement that the government prove beyond a reasonable doubt that the defendant acted "knowingly."

As to Counts Four through Forty and Counts Forty-one and Forty-two, the Court further instructed the jury:

> that with regard to each of Counts Four through Forty-three of the indictment, you cannot find the defendant guilty unless each of you unanimously find beyond a reasonable doubt that at least one visual depiction, upon which you unanimously agree beyond a reasonable doubt, (1) was knowingly possessed by the defendant and (2) was transported in interstate or foreign commerce; and (3) constituted child pornography; and (4) was known by the defendant to be sexually explicit and to be of an actual minor engaged in sexually explicit conduct. If you do not all agree that each of these conditions applies to the same visual depiction, that visual depiction cannot be the basis for a guilty verdict.

With respect to Counts Three through Forty and Counts Forty-one and Forty-two, the government introduced the following evidence:

- That a search was executed at the defendant's residence, during which, many items were seized, including a computer and 38 CD Roms containing thousands of images of child pornography.

- That at the time of the search, the defendant provided a signed statement admitting that he visited child pornography sites and downloaded images from these sites.

- That on the evidence bags in which the CD Roms were placed, the defendant signed his name and wrote that the images contained child pornography and that he downloaded them. He signed his name and wrote that he had downloaded, and thus received, child pornography.

- That examples from the 39 CD Roms and computer seized from the defendant established the receipt and possession of child pornography as charged in Counts Three through Forty and Forty-one and Forty-two.

- That the defendant admitted that he knowingly possessed child pornography and advised law enforcement agents where it was located in his residence.

Based upon the evidence introduced at trial and the applicable standard of law, the Court finds that as to Counts One through Forty and Counts Forty-one and Forty-two, the defendant failed, as to each of the counts of conviction, to meet his heavy burden and establish his entitlement to a judgment of acquittal.

## CONCLUSION

Accordingly, defendant's motion for a judgment of acquittal (Docket # 124) is denied in all respects.

It is So Ordered.

DATED: January 10, 2007
       Rochester, New York

                            ENTER.

                            /s/ Charles J. Siragusa
                            CHARLES J. SIRAGUSA
                            United States District Court