UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

vs.

DONALD ANSON,
                    Defendant.
_____

CORRECTED
DECISION AND ORDER
04-CR-6180

## INTRODUCTION

The above captioned case is before the Court on the following motions by
Defendant: (1) a motion, ECF No. 231, to dismiss standby counsel, Richard Roxin, Esq.,
to enlarge the  time to file "preparatory motions that are necessary for the upcoming re-
sentencing and to preserve the Defendant's appeal issue," to compel discovery, and to be
provided copies of the transcripts of court proceedings on April 26, 2012[1], January 4, 2005,
and September 13, 2006; (2) a motion, ECF No. 234, to reverse his convictions on Count
1 and Count 2 on the basis that the Government failed to establish venue by a
preponderance of evidence; (3) a motion, ECF No. 235[2]

> to dismiss Counts 4-43 ... as being a lesser included offenses of Count 3 .
> . . in violation of the double jeopardy clause of the 5th amendment  . . . and/or
> in the alternative to dismiss Counts 3-43 ... for violating the specificity
> requirement of the 6th Amendment for failing to insure the Grand Jury and
> Trial Jury indicted and convicted on the same evidence (illegal image) and
> for failing to protect against "double jeopardy."

_____

[1]Presumably Anson is referring to the court appearance on April 27, 2012, since the
docket sheet does not reflect a court appearance on April 26, 2012.

[2]It should be noted that Anson was found not guilty on Count 41.

and (4) a motion, ECF No. 241, to amend the enlargement of time requested in his earlier application, ECF No. 231. For the reasons stated below, Anson's application, ECF No. 231, to dismiss standby counsel is granted; his applications, ECF No. 231 and No. 241, to enlarge  time are granted; his application, ECF No. 231, for transcripts is denied; his application, ECF No. 231,  to compel discovery is denied; his application, ECF No. 234, to dismiss Count 1 and Count 2 for failure to establish venue is denied; and his application, ECF No. 235, to dismiss Counts 4 through 43, on 4th Amendment double jeopardy grounds and alternatively Counts 3 through 43 on 5th Amendment specificity grounds, is denied.

## BACKGROUND

This matter was remanded twice by the Second Circuit Court of Appeals. In *United States v. Anson*, 304 Fed. Appx. 1 (2d Cir. 2008) ("*Anson I*"), the matter was remanded "only for the reconsideration or explanation of the District Court's decision to impose a consecutive sentence for Anson's possession of a computer containing child pornography." This Court reconsidered and explained its reasons for again determining that a consecutive sentence was warranted, in a proceeding held on May 13, 2009. However, in *United States v. Anson*, 429 Fed. Appx. 61 (2d Cir. 2011) ("*Anson II*"), the Second Circuit again remanded for re-sentencing because Anson's Sixth Amendment right to counsel had been inadvertently violated.

In remanding the second time,  the Circuit Court observed that there were issues Anson raised *pro se* on appeal that he could have raised before the district court,  at the first re-sentencing hearing, had he been given the opportunity to do so, including addressing the holding of *United States v. Polouizzi*, 564 F. 3d 142 (2d Cir. 2009). *Anson*

*II,* 429 Fed. Appx.at 64. The Second Circuit also referenced its decision in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010).   *Id*. Moreover, in *Anson II*, the Second Circuit specifically  remanded "for further proceedings consistent with this order." *Id.*

Consistent with *Anson II,* this Court has now accepted, prior to re-sentencing, six motions from Anson *pro se,*[3] the four referenced above and two previous motions, ECF No. 219 and No. 220, which were essentially applications for judgments of acquittal on counts 4 through 40 and counts 42 and 43, all charges of possession of child pornography in violation of 18 U.S.C.§ 2252A(a)(5)(B), on all of which he was found guilty after a jury trial. By Decision and Order dated July 12, 2012, ECF No. 230, the Court denied Anson's applications, ECF No. 219 and No. 220.

## DISCUSSION

As to Anson's motions regarding enlargement of time, ECF No. 231 and No. 241, they  are unopposed, and they are granted.

As to Anson's motion that he be provided with transcripts, his application is denied. The docket entries relating to the court appearances for which Anson seeks the transcripts read as follows:

> 01/04/2005  23  Minute Entry for proceedings held before Judge Marian W. Payson: Status Report as to Donald Anson held on 1/4/2005. Mr. Resnick excused from the courtroom. Court addresses issue of counsel. Mr. Resnick returns to courtroom. Status Report set for 1/13/05 @ 9:00 a.m.(CAM,) (Entered: 01/06/2005)

---

[3] In a proceeding held on April 30, 2012,  ECF No. 222, this Court determined that Anson knowingly, intelligently, and voluntarily elected to represent himself at re-sentencing, but, pursuant to his request,  appointed him "stand-by" counsel to assist him with legal research and presentation of argument if needed.                   .

09/13/2006  134  Minute Entry for proceedings held before Judge Charles J. Siragusa : Tiffany Lee appears for the government. Defendant appears with M. Kirk Okay and James Rizzo. Attorney Appointment as to Donald Anson held on 9/13/2006. Matter adjourned to 9/14/2006 before Hon. Charles J. Siragusa. (Court Reporter Frank Leogrande.) (MSH, ) (Entered: 09/13/2006)

04/27/2012  221  Minute Entry for proceedings held before Hon. Charles J. Siragusa: Tiffany Lee appearing on behalf of government. Jon Getz appearing with defendant. Kevin Lyons appearing for probation. Re-sentencing on remand as to Donald Anson not held on 4/27/2012. Status Conference as to Donald Anson held re 216 MOTION to Amend Sentencing Memorandum, MOTION to Appear pro se, MOTION to Withdraw Attorney Jon Getz by defendant, and 217 MOTION for an Order that Attorney Getz turn over his file to defendant. Court grants applications and relieves Mr. Getz of further representation of defendant. Defendant requests standby counsel. Court sets further Status Conference for 4/30/2012 at 4:30 PM for appointment of standby counsel. Court will allow defendant to submit additional motions today. Government has Thirty (30) days to respond. (Court Reporter Karen Bush.)(KJA) (Entered: 05/03/2012)

In support of his request, Anson states that the "transcripts are required to develop issues of *Brady* violations, ineffective assistance of counsel and others." However, the Court fails to see how the reasons Anson gives in support of his transcript request or the subject matter of the relevant proceedings themselves, as indicated by the docket,  relate to the outstanding matter left for the Court to address, which is re-sentencing

As to Anson's application to compel discovery, he seeks the Forensic Investigation Report of the hard drives of the SAGO Networks. In that regard, other than conclusory allegations that the report will be used to establish *Brady* and *Jenks* violations, Anson cites no legal authority in support of his apparent contention that he is now entitled to the discovery he seeks, despite the procedural posture of this case. That is, his conviction has been affirmed by the Second Circuit and the matter has remanded a second time for re-sentencing only with the caveat that he be allowed to raise issues which he could have

raised at the first re-sentencing hearing. In opposing Anson's discovery request, the Government points to the United States Supreme Court case of *District Attorney's Office for the Third Judicial District v. Osborne*, 557 U.S. 52, 69 (2009). In *Osborne*, the petitioner appealed the denial of his request for further DNA testing of evidence used to convict him, arguing that *Brady v. Maryland, 373 U.S. 83 (1963),* applied and that the Due Process Clause extended the Government's duty to disclose to post-conviction proceedings. The Supreme Court noted that "[a] criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man." *Id.* Consequently, the petitioner's right to due process "is not parallel to a trial right, but rather must be analyzed in light of the fact that he has already been found guilty at a fair trial, and has only a limited interest in post-conviction relief." *Id.* The Court is persuaded by *Osborne* that the discovery Anson requests should be denied.

The Court now turns to Anson's motion, ECF No. 234, for reversal of his convictions on Count1 and 2, both of which accused him of Transportation of Child Pornography. The Court finds that the motion must be denied. In his post trial motion for a judgment of acquittal pursuant to Fed. F. Crim. P. 29(c), ECF No. 124, Anson never mentioned venue. Accordingly, he waived any venue objection. *United States v. Menendez*, 612 F. 2d 51, 55 (2d Cir. 1979); *United States v. Boney*, 572 F. 2d 397, 400 (2d Cir. 1978). In any event, the Court finds as to Counts 1 and 2, the government did establish venue by the requisite standard of a preponderance of evidence. The government, in its Response to the Defendant's Pro Se Motions, ECF No. 244, at pages 6 and 7, accurately details the evidence establishing venue as to as to the challenged counts. In this regard, the

sufficiency of the evidence regarding venue is reviewed in the light most favorable to the government, "credit[ing] every inference that could have been drawn in its favor." *United States v. Rosa,* 17 F.3d 1531, 1542 (2d Cir. 1994). Moreover, as the Second Circuit observed:

> Section 3237(a)'s language is broad, and Rowe's act of publishing an internet advertisement to trade child pornography can readily be described as an "offense involving ... transportation in interstate ... commerce." 18 U.S.C. § 3237(a). Moreover, the district judge found venue proper in light of the factors listed in this Circuit's "substantial contacts" test. Finally, the two chief ills that the constitutional venue provisions are meant to guard against—bias and inconvenience—are not substantially present in this case. Rowe offered no evidence that New York juries disfavor the conduct at issue any more than Kentucky juries, nor did he demonstrate that trial in New York would—or did—impose an undue burden on him.

*United States v. Rowe*, 414 F.3d 271, 279–280 (2d Cir. 2005). Consequently, Anson's motion for reversal of Counts 1 and 2 on venue grounds is denied.

Finally, the Court turns its attention to Anson's motion to dismiss, ECF No. 235. In his application, Anson maintains that Counts 4–43, each of which accused him of possession of child pornography, must be dismissed based upon his argument that they are lesser included offenses of Count 3, receipt of child pornography. He further maintains that Counts 3–43 must be dismissed, since each count fails to meet the specificity requirement. As the Government points out, both of these arguments were addressed in *Anson I*, 304 Fed. Appx. 1. Therefore, Anson's motion to dismiss, ECF No. 235, is denied.

## CONCLUSION

Accordingly, Anson's motion, ECF No. 231, is granted in part and denied in part. In that regard, his application to dismiss standby counsel is granted and Mr. Roxin is

relieved,[4] and his application for an enlargement of time is also granted. However,  his

application  to compel discovery and his request for transcripts are both denied. His

motion, ECF No. 234, to dismissed Counts 1 and 2 based upon a failure to establish venue

is denied in its entirety. His motion, ECF No. 235, to dismiss Counts 4 through 43, on 4th

Amendment double jeopardy grounds, and, alternatively, Counts 3 through 43 on 5th

Amendment specificity grounds, is denied in its entirety. His motion, ECF No. 241, to

amend his request for enlargement of time is granted.  Anson has until November 21,

2013, to file any submissions with respect to re-sentencing. The Government has until

December 5, 2013, to file any response to Anson's submissions.  Re-sentencing is

scheduled for December 20, 2013 at 3:15 p.m.

IT IS SO ORDERED.

DATED:        October 7, 2013
              Rochester, New York

                              ENTER.


                               /s/ Charles J. Siragusa____
                              CHARLES J. SIRAGUSA
                              United States District Judge

---

[4]In doing his own research and in making his own arguments, Anson has proved himself
capable of self-representation. However, if he desires to be represented by counsel at re-
sentencing or wishes standby counsel at re-sentencing, he should so notify the Court in writing
and the Court will entertain his request.